## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUUL LABS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, <br><br> *Defendant*. | Civil Action No. 1:22-cv-02853 |

## ANSWER

Defendant, United States Food and Drug Administration ("Defendant" or "FDA"), by and through counsel, hereby answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.      The first sentence in this paragraph contains Plaintiff's characterization of this suit, to which no response is required; to the extent a response is deemed necessary, denied. With respect to the second sentence, Defendant admits that Plaintiff submitted two Freedom of Information Act ("FOIA") requests dated June 23, 2022, which was also the date of issuance of FDA's Marketing Denial Order ("MDO") for Plaintiff's products; those FOIA requests were received by FDA's Division of Freedom of Information ("DFOI") on June 24, 2022. Defendant avers that the subject FOIA requests are the best evidence of their contents and respectfully refers the Court to the FOIA requests for a full and accurate statement of their contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the FOIA requests. With respect to the third sentence, Defendant admits that it issued its final response to Plaintiffs' FOIA requests on July 21, 2022, and that FDA's response letter is the best evidence of its contents. Defendant respectfully refers the Court to the response letter for a full and accurate statement of its contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of its response letter, and further denies that the deliberative process privilege is

"one of the most widely abused exemptions." Defendant denies the allegations in the fourth sentence. With respect to the fifth sentence, Defendant admits only that Plaintiff filed an administrative appeal of the MDO under 21 C.F.R. § 10.75 on July 29, 2022, which remains pending as of the date of this filing. Defendant avers that the appeal is the best evidence of its contents and respectfully refers the Court to the appeal for a full and accurate statement of its contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the appeal. Defendant denies the allegations in the sixth and seventh sentences.

2.      Defendant admits the allegations in the first sentence of this paragraph. With respect to the second and third sentences, Defendant avers that the premarket tobacco applications ("PMTAs") are the best evidence of their contents and respectfully refers the Court to the PMTAs for a full and accurate statement of their contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the PMTAs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within the fourth sentence of this paragraph.

3.      With respect to the first sentence of this paragraph, Defendant admits that it issued an MDO for Plaintiff's PMTAs, and a related press release, on June 23, 2022. Defendant avers that the MDO and press release are the best evidence of their contents and respectfully refers the Court to those documents for a full and accurate statement of their contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the MDO and press release. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence. With respect to the third sentence, Defendant admits only that Plaintiff filed a petition for review of the MDO in the D.C. Circuit on June 23, 2022. *See Juul Labs, Inc. v. FDA*, No. 22-1123 (filed June 23, 2022). Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in the third sentence. With

respect to the fourth and fifth sentences, Defendant admits that it issued an administrative stay of

the MDO in a letter dated July 5, 2022. Defendant avers that letter is the best evidence of its

contents and respectfully refers the Court to the letter for a full and accurate statement of its

contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with

the full contents of the letter.

   4.  Defendant lacks sufficient knowledge or information to form a belief about the truth

of the allegations in the first sentence of this paragraph. With respect to the second sentence,

Defendant admits that Plaintiff filed an administrative appeal of the MDO under 21 C.F.R.§ 10.75

on July 29, 2022. Defendant avers that the appeal is the best evidence of its contents and respectfully

refers the Court to the appeal for a full and accurate statement of its contents; Defendant denies the

allegations in this paragraph to the extent they are inconsistent with the full contents of the appeal.

With respect to the third sentence, Defendant admits that Plaintiff filed two FOIA requests dated

June 23, 2022, which was also the date of issuance of FDA's MDO for Plaintiff's products; those

FOIA requests were received by FDA's DFOI on June 24, 2022. Defendant avers that the subject

FOIA requests are the best evidence of their contents and respectfully refers the Court to the FOIA

requests for a full and accurate statement of their contents; Defendant denies the allegations in this

sentence to the extent they are inconsistent with the full contents of the FOIA requests. With

respect to the fourth sentence, Defendant admits only that Plaintiff stated its position regarding the

withheld material to FDA in multiple informal communications. Defendant denies the remaining

allegations in this sentence. With respect to the fifth sentence, Defendant admits that it has

previously released certain discipline reviews associated with tobacco product marketing decisions.

Defendant avers that it issued its response to Plaintiffs' FOIA requests on July 21, 2022, and that

FDA's response is the best evidence of its contents. Defendant respectfully refers the Court to the

July 21, 2022 response for a full and accurate statement of its contents; Defendant denies the

allegations in this sentence to the extent they are inconsistent with the full contents of its response. Defendant denies the remaining allegations in this sentence

5.     With respect to the second sentence, Defendant avers that the MDO and Technical Project Lead Review ("TPL Review") are the best evidence of their respective contents, and respectfully refers the Court to the MDO and TPL Review for a full and accurate statement of their contents; Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full contents of the MDO and TPL Review. The remaining allegations contained within this paragraph consist of legal conclusions to which no response is required.

6.     The first sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies. With respect to the second sentence, Defendant admits only that it has previously made certain discipline reviews associated with authorization decisions publicly available. Defendant denies the remaining allegations in this sentence. With respect to the third sentence, Defendant admits only that it has previously made TPL Review memoranda publicly available for authorized PMTAs, and that those TPL Review memoranda provide the basis for the decisions. Defendant denies the remaining allegations in this sentence. With respect to the fourth sentence, Defendant admits only that it produced certain responsive documents associated with its decision on Plaintiff's PMTAs, and that it has produced certain responsive documents when holders of other denied PMTAs requested such materials. Defendant denies the remaining allegations in this sentence. The fifth, sixth, and seventh sentences consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

7.     The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied. Defendant lacks sufficient knowledge or information to form a belief about the truth of the

allegations in the second and third sentences. With respect to the fourth sentence, Defendant admits that it issued a press release related to the MDO on June 23, 2022. Defendant avers that the press release is the best evidence of its contents and respectfully refers the Court to the press release for a full and accurate statement of its contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the press release. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the fifth sentence.

8.      The allegations in the first, second, and third sentences of this paragraph, regarding the existence of a "politically charged environment," and unspecified persons who "lobbied," "praised," and "criticized" FDA's actions are vague and imprecise, and Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations. The allegations in the fourth sentence consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

9.      With respect to the allegations in the fourth sentence, Defendant admits that Plaintiff filed an administrative appeal of the MDO on July 29, 2022. Defendant avers that the appeal is the best evidence of its contents and respectfully refers the Court to the appeal for a full and accurate statement of its contents; Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full contents of the appeal. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. They also consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

10.      The allegations in this paragraph consist of conclusions of law and/or Plaintiff's characterization of this suit, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

11.      This paragraph consists of a legal conclusion to which no response is required.

12.     This paragraph consists of a legal conclusion to which no response is required.

13.     Defendant admits the allegations contained in the second sentence of this paragraph. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

14.     Defendant admits the allegations in the first sentence of this paragraph. With respect to the second sentence, Defendant admits only that FDA has regulatory authority over tobacco products (including Plaintiff's products); the remaining allegations in this sentence consist of conclusions of law, to which no response is required.

15.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required; additionally, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second and fourth sentences.

16.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. The allegations also do not set forth a claim or aver facts in support of a claim to which a response is required.

17.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the first sentence of this paragraph. The remaining sentences consist of conclusions of law, to which no response is required.

18.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Additionally, the allegations in the first, third, and fourth sentences also consist of conclusions of law, to which no response is required. With respect to the second sentence, to the extent a response is deemed required, Defendant admits only that as a policy matter, FDA decided against immediate enforcement of the statutory prohibition for

products already on the market as of the Deeming Rule's August 8, 2016 effective date; Defendant otherwise denies the allegations in this sentence.

19.     With respect to the first sentence in this paragraph, Defendant admits that Plaintiff submitted PMTAs to FDA in July 2020. Defendant avers that the PMTAs are the best evidence of their contents and respectfully refers the Court to the PMTAs for a full and accurate statement of their contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the PMTAs. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the second, third, and fourth sentences of this paragraph.

20.     With respect to the first sentence in this paragraph, Defendant admits that it issued an MDO to Plaintiff on June 23, 2022.  Defendant admits the allegations in the second sentence of this paragraph. With respect to the second, third, and fourth sentences, Defendant avers that the TPL is the best evidence of its contents and respectfully refers the Court to the TPL for a full and accurate statement of its contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the TPL.

21.     Defendant admits that it issued its MDO on June 23, 2022, and avers that the MDO is the best evidence of its contents and respectfully refers the Court to the MDO for a full and accurate statement of its contents; Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full contents of the MDO.

22.     Defendant admits that it finalized its TPL on June 23, 2022, and avers that the TPL is the best evidence of its contents and respectfully refers the Court to the TPL for a full and accurate statement of its contents; Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full contents of the TPL.

23.     With respect to the first and second sentences of this paragraph, Defendant admits that it issued a press release on June 23, 2022, and avers that the referenced press release is the best evidence of its contents and respectfully refers the Court to the press release for a full and accurate statement of its contents; Defendant denies the allegations in these two sentences to the extent they are inconsistent with the full contents of the press release. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the third sentence of this paragraph. Defendant further avers that the cited news article is the best evidence of its contents and respectfully refers the Court to the article for a full and accurate statement of its contents.

24.     With respect to the first sentence of this paragraph, Defendant admits that Plaintiff filed a Petition for Review in the D.C. Circuit on June 23, 2022 and an Emergency Motion for Temporary Administrative Stay in that litigation on June 24, 2022. *See Juul Labs, Inc. v. FDA*, D.C. Cir. No. 22-1123, Dkt. No. 1951837 (Petition for Review, June 23, 2022) and 1951872 (Emergency Motion for Temporary Administrative Stay, June 24, 2022). Defendant avers that the referenced motion is the best evidence of its contents and respectfully refers the Court to the motion for a full and accurate statement of its contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of Plaintiff's motion. Defendant admits the allegations in the second and third sentences. With respect to the fourth sentence, Defendant avers that the referenced motion is the best evidence of its contents and respectfully refers the Court to the motion for a full and accurate statement of its contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of Plaintiff's motion. The allegations in the fifth sentence regarding "more than two dozen places" in unspecified documents are sufficiently vague and imprecise that Defendants are unable to admit or deny them, and therefore, deny them. To the extent the fifth sentence is referencing FDA's MDO and TPL, Defendant avers that the MDO and TPL are the best evidence of their contents and respectfully

refers the Court to the MDO TPL for a full and accurate statement of their contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with the full contents of the MDO and TPL. With respect to the sixth and seventh sentences, Defendant avers that the referenced motion and the underlying PMTA it addressed are, respectively, the best evidence of their contents and respectfully refers the Court to the motion and PMTA for a full and accurate statement of their respective contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of Plaintiff's motion and PMTA.

25.    Defendant admits the allegations in the first sentence of this paragraph. With respect to the second and third sentences, Defendant admits that it sent a letter to Plaintiff on July 5, 2022, which letter is the best evidence of its contents, and respectfully refers the Court to the letter for a full and accurate statement of its contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the letter. With respect to the fourth and fifth sentences, Defendant admits that it and Plaintiff submitted a joint motion to the D.C. Circuit on July 6, 2022, and avers that the parties' joint motion is the best evidence of its contents and respectfully refers the Court to the motion for a full and accurate statement of its contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the motion. Defendant admits the allegations in the sixth sentence.

26.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the first sentence of this paragraph. With respect to the second, third, and fourth sentences, Defendant admits that Plaintiff submitted two FOIA requests dated June 23, 2022 to FDA. Defendant avers that the subject FOIA requests are the best evidence of their contents and respectfully refers the Court to the FOIA requests for a full and accurate statement of their contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the FOIA requests.

9

27.     Defendant admits that Plaintiff submitted two FOIA requests dated June 23, 2022 to FDA, avers that the subject FOIA requests are the best evidence of their contents and respectfully refers the Court to the FOIA requests for a full and accurate statement of their contents; Defendant denies the allegations in this paragraph to the extent they are inconsistent with the full contents of the FOIA requests.

28.     Defendant admits the allegations in the first sentence of this paragraph. With respect to the second sentence, Defendant admits that FDA produced the TPL and the First and Second Cycle Toxicology Reviews to Plaintiff on July 8, 2022. Defendant denies the remaining allegations in this sentence.

29.     Defendant admits the allegations in the first sentence of this paragraph. With respect to the second, third, and fourth sentences, Defendant avers that its response letter dated July 21, 2022 is the best evidence of its contents and respectfully refers the Court to the letter for a full and accurate statement of its contents; Defendant denies the allegations in these sentences to the extent they are inconsistent with the full contents of the letter.

30.     With respect to the first sentence of this paragraph, Defendant admits only that it withheld some responsive documents pursuant to FOIA Exemption (b)(5). Defendant avers that its response letter dated July 21, 2022 is the best evidence of its contents and respectfully refers the Court to the letter for a full and accurate statement of its contents; Defendant denies the remaining allegations in this sentence to the extent they are inconsistent with the full contents of the letter. With respect to the second sentence, Defendant avers that it produced the First and Second Cycle Environmental Science and Chemistry reviews to Plaintiff on July 21, 2022, and denies withholding such reviews.  Defendant admits that it withheld documents regarding the remaining disciplines listed in the second sentence pursuant to FOIA Exemption (b)(5). Defendant denies the remaining allegations in the second sentence.

31.     With respect to the first, second, and third sentences of this paragraph, Defendant admits that it sent a response to Plaintiff's FOIA request on July 21, 2022, avers that its response letter dated July 21, 2022 is the best evidence of its contents and respectfully refers the Court to the letter for a full and accurate statement of its contents; Defendant denies the remaining allegations in these sentences to the extent they are inconsistent with the full contents of the letter. The fourth and fifth sentences consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

32.     The allegations in this paragraph consist of conclusions of law, to which no response is required; to the extent a response is deemed necessary, the allegations are denied.

33.     With respect to the first sentence of this paragraph, Defendant admits only that Plaintiff stated its position regarding the withheld material to FDA in multiple informal communications. Defendant denies the remaining allegations in this sentence. With respect to the second sentence, Defendant admits that it sent an email to Plaintiff on July 28, 2022, avers that the email dated July 28, 2022 from Rosemary White to Plaintiff is the best evidence of its contents and respectfully refers the Court to the email for a full and accurate statement of its contents; Defendant denies the remaining allegations in these sentences to the extent they are inconsistent with the full contents of the email

34-37.   Defendant admits that Plaintiff filed an administrative appeal on July 29, 2022. With respect to the remaining allegations in these paragraphs, Plaintiff's administrative appeal is the best evidence of its contents, and Defendant respectfully refers the Court to that appeal for a full and accurate statement of the same; Defendant denies the remaining allegations in these paragraphs to the extent they are inconsistent with the full contents of Plaintiff's administrative appeal.

38.     Defendant admits the allegations in the first sentence of this paragraph. With respect to the second sentence, Defendant avers that its acknowledgement letter is the best evidence of its

11

contents and respectfully refers the Court to the letter for a full and accurate statement of its

contents; Defendant denies the allegations in this sentence to the extent they are inconsistent with

the full contents of the letter. The allegations in the third sentence consist of conclusions of law, to

which no response is required.

39.     The allegations in the first sentence in this paragraph consist of conclusions of law,

to which no response is required. With respect to the second sentence, Defendant admits only that it

has not issued a response to Plaintiff's FOIA administrative appeal or sent communications to

Plaintiff regarding that appeal since the August 1, 2022 acknowledgement letter.

40.     The allegations in the first and second sentences of this paragraph consist of

conclusions of law, to which no response is required. Defendant lacks sufficient knowledge or

information to form a belief about the truth of the allegations contained in the third and fourth

sentences. With respect to the fifth sentence, Defendant admits only that Plaintiff filed an

administrative appeal of the MDO under 21 C.F.R.§ 10.75 on July 29, 2022. Defendant avers that

the appeal is the best evidence of its contents and respectfully refers the Court to the appeal for a

full and accurate statement of its contents; Defendant denies the allegations in this sentence to the

extent they are inconsistent with the full contents of the appeal. Defendant denies the remaining

allegations in this sentence.

41.     Denied.

42.     Defendant's responses to paragraphs 1–41 are hereby incorporated by reference as if

set forth fully herein.

43.     The allegations in this paragraph consist of conclusions of law, to which no response

is required. To the extent a response is deemed required, denied.

44.     The allegations in the first sentence of this paragraph consist of conclusions of law,

to which no response is required. Defendant admits the allegations in the second sentence. With

respect to the allegations in the third and fourth sentences, Defendant admits only that FDA acknowledged receipt of the administrative appeal on August 1, 2022; the remaining allegations in these sentences consist of conclusions of law, to which no response is required.

45.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, denied.

46.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, denied.


The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

## **AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA. 5 U.S.C. § 552.


Dated: November 4, 2022                          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

        /s/ *Antonia Konkoly*
Antonia Konkoly
Trial Attorney
U.S. Department of Justice

13

Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 514-2395 (direct)
(202) 616-8470
antonia.konkoly@usdoj.gov
*Counsel for the Defendant*

*Of Counsel:*

SAMUEL R. BAGENSTOS
  *General Counsel*
  *Dep't of Health and Human Services*

MARK RAZA
  *Chief Counsel*
  *Food and Drug Administration*

WENDY S. VICENTE
  *Deputy Chief Counsel for Lit.*
  *Food and Drug Administration*

JULIE B. LOVAS
  *Senior Counsel*
  *Office of the Chief Counsel*
  *Food and Drug Administration*