### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD & DRUG ADMINISTRATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) **JOINT STATUS REPORT** <br> ) <br> ) Case No. 1:22-cv-02853 <br> ) <br> ) <br> ) <br> ) |

### **JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of November 6, 2022, the parties hereby submit a Joint Status Report ("JSR"), which includes the parties' joint proposal for further proceedings.

1. This case concerns Plaintiff Juul Labs, Inc. ("JLI")'s Freedom of Information Act ("FOIA") requests seeking, from the Food & Drug Administration ("FDA") documents related to the agency's June 2022 decision to deny JLI's premarket tobacco product applications ("PMTAs"). JLI submitted its FOIA requests on June 23, 2022, and after the FDA withheld certain documents based on the deliberative process privilege, filed an administrative appeal with the agency.

2. JLI then filed this action on September 20, 2022, and FDA timely filed its answer on November 4, 2022. On November 6, 2022, the Court entered a minute order requiring that the parties "confer and file a joint status report addressing (1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing any such documents; and (3) any substantive areas of disagreement between the parties." Pursuant to this order, the parties jointly state as follows:

3. FDA does not anticipate voluntarily producing any additional documents. JLI does not currently contest the adequacy of the agency's search, and, in light of the Court's Standing

Order in Civil Cases, ¶ 10(b), the parties agree a search declaration from the agency is not necessary at this time. JLI reserves the right to request a search declaration after reviewing FDA's forthcoming *Vaughn* index.

4.   The parties therefore respectfully submit that a schedule for processing and producing additional documents is unnecessary in this case. The Court should instead set a summary judgment briefing schedule for adjudicating the propriety of the challenged withholdings.

5.   The sole substantive dispute in this FOIA action is whether the withheld materials are exempt from disclosure under 5 U.S.C. §§ 552(b)(5) based on the deliberative process privilege. The parties propose the following schedule for the pre-motion briefing and conference required under the Court's Standing Order in Civil Cases:

| Event | Date |
| --- | --- |
| FDA provides *Vaughn* index | December 16, 2022 |
| FDA files MSJ pre-motion notice | January 6, 2023 |
| JLI responds to FDA's MSJ pre-motion notice | January 13, 2023 |
| Pre-motion conference | At the Court's convenience. If possible, the parties respectfully request that the Court schedule the pre-motion conference for a date in January 2023. |

6.   After the pre-motion conference, the parties will submit a proposed schedule for summary judgment briefing. The parties jointly assess that they can brief summary judgment on a reasonable, but efficient schedule, and will work cooperatively and attempt to propose an agreed-upon schedule following the completion of the pre-motion practice proposed above.

Respectfully submitted,

| | |
|---|---|
| */s/ Jason M. Wilcox* | BRIAN NETTER |
| David M. Bernick (DC Bar No. 1724860) | Deputy Assistant Attorney General |
| KIRKLAND & ELLIS LLP | |
| 300 North LaSalle | MARCIA BERMAN |
| Chicago, IL 60654 | Assistant Branch Director |
| (312) 862-2000 | |
| | */s/ Antonia Konkoly* (with permission) |
| Peter A. Farrell (DC Bar No. 53608) | Antonia Konkoly |
| Jason M. Wilcox (DC Bar No. 1011415) | Trial Attorney |
| KIRKLAND & ELLIS LLP | U.S. Department of Justice |
| 1301 Pennsylvania Ave., NW | Civil Division, Federal Programs Branch |
| Washington, D.C. 20004 | 1100 L St., NW |
| (202) 389-5000 | Washington, DC  20005 |
| | (202) 514-2395 (direct) |
| | (202) 616-8470 |
| | antonia.konkoly@usdoj.gov |
| | |
| | *Counsel for Defendant* |

DATED: December 8, 2022