IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, <br><br> Defendant. | **CIVIL ACTION** <br> No. 1:22-cv-02853 |

**NOTICE OF THE ANTICIPATED BASES FOR PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PROPOSED CROSS-MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Freedom of Information Act establishes a strong presumption in favor of disclosure of agency records. Yet in this case, the Food & Drug Administration ("FDA") has withheld almost 500 pages responsive to JLI's FOIA requests related to JLI's premarket tobacco product applications ("PMTAs"), ostensibly because they are protected by the deliberative process privilege. FDA's reliance on the deliberative process privilege is improper for two separate and independent reasons. ***First***, the agency "nowhere explain[s] why actual harm would foreseeably result from release of the specific … material at issue." *Reporters Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 371–72 (D.C. Cir. 2021). FDA routinely releases similar records for other tobacco-product applications—a problem fatal to "foreseeable harm." ***Second***, none of the 20 withheld documents are predecisional; one of them appears to be a previously undisclosed final decision that incorporates the others. And the 19 withheld scientific discipline review documents, in any event, "are a far cry from the exercise of discretion and judgment calls that are typically protected by the deliberative process privilege." *Ctr. for Bio. Diversity v. EPA*, 279 F. Supp. 3d 121, 150–51 (D.D.C. 2017). Either of these problems would be enough standing alone to take the withheld documents outside the deliberative process privilege's protections, but taken together there is no doubt the documents must be produced.

**BACKGROUND**

This case concerns FDA's refusal to release records related to PMTAs for JLI's JUUL System, electronic nicotine delivery system (ENDS) products that are designed to provide adult smokers with a less harmful, noncombustible alternative to combustible cigarettes. FDA is supposed to evaluate PMTAs based on a comprehensive, holistic analysis based on studies and other "valid scientific evidence" that balances the "risks and benefits to the population as a whole." 21 U.S.C. § 387j(c)(4)-(5). On June 23, 2022, FDA instead denied JLI's PMTAs based solely on purported toxicological concerns. Although FDA acknowledged that "exposure to carcinogens and other toxicants present in

cigarette smoke were greatly reduced" in JUUL products, its Marketing Denial Order identified four purported deficiencies with a subset of the toxicological data presented by JLI. The Marketing Denial Order and accompanying Technical Project Lead (TPL) Review (Toxicology) were signed by Matthew Holman, the Director of the Office of Science, whom FDA admits "[is] authorized to issue final decisions on PMTAs." FDA Statement at 2.

JLI submitted two FOIA requests to FDA, seeking certain "technical project lead review ('TPL') and related documents" as well as "disciplinary review documents" related to its PMTA applications. FDA released the TPL Review for toxicology, as well as the first and second cycle discipline reviews for chemistry, toxicology, and environmental science, but withheld many others under the deliberative process privilege. On December 16, 2022, FDA provided a *Vaughn* index, confirming that FDA is withholding 20 responsive documents totaling 471 pages of responsive information. FDA's Marketing Denial Order is currently stayed while FDA undertakes an internal agency review of its decision, known as "supervisory review."

## ARGUMENT

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). The statute enacts "a strong presumption in favor of disclosure" of agency records. *Burka v. United States HHS*, 87 F.3d 508, 516 (1996). "[A]gencies may only withhold information that falls within one of the Act's nine enumerated exemptions," one of which is "Exemption 5", which allows agencies to withhold internal records protected by the deliberative process privilege. 5 U.S.C. § 552(b)(5); *FBI*, 3 F.4th at 357. But exemptions "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *FBI*, 3 F.4th at 357.

FDA has the burden to show that the materials at issue "are covered by the deliberative

2

process privilege" and that "it is reasonably foreseeable that release of those materials would cause harm to an interest protected by that privilege." *Id.* at 361. FDA cannot make either showing here.

## I.     FDA HAS NOT SHOWN PARTICULARIZED, FORESEEABLE HARM

Both Congress and the D.C. Circuit have emphasized that agencies must show concrete, foreseeable harm to their deliberative interests to invoke the deliberative process privilege in FOIA cases. *See* 5 U.S.C. § 552(a)(8)(A)(i)(1). This "distinct foreseeable harm requirement" "impose[s] an independent and meaningful burden." *FBI*, 3 F.4th at 369. To meet it, agencies must "explain how disclosure 'would'—not 'could'—adversely impair internal deliberations." *Id.* at 369–70.

Making the requested material available would not harm the agency's deliberative process. When the scientific reviewers wrote their discipline reviews, those reviewers knew that their work would likely be made public after FDA issued its decision. FDA regularly makes its TPLs and disciplinary reviews available for authorized tobacco products. *E.g.*, 6/30/2020 IQOS TPL, https://www.fda.gov/media/139796/download. Even for denied applications, FDA's decision to turn over the first and second cycle discipline reviews for chemistry, toxicology, and environmental science shows that the agency will in some circumstances make available reviewer notes and other materials. *See* Dkt. 1, Ex. 2. Indeed, the administrative record in a recent D.C. Circuit appeal filed by another ENDS manufacturer challenging a Marketing Denial Order includes discipline reviews and other internal agency communications across a range of scientific disciplines. *See Fontem US, LLC v. FDA*, No. 22-1076, Doc. No. 19560007 at 2, 9-11 (D.C. Cir. July 21, 2022). Against this backdrop, making the requested materials available to JLI will not "chill[] future agency deliberations" or "prevent the candid exchange of ideas." FDA Statement at 6; *see Pavement Coatings v. U.S.G.S.*, 995 F.3d 1014, 1023 (D.C. Cir. 2021) (if typical practice often results in disclosure, agency "cannot meet its burden of justifying … categorical withholding.").

FDA's claim that disclosing the scientific discipline reviews "could discourage [a] reviewer"

3

from "refining or revising that analysis" as part of the ongoing supervisory review is equally speculative and meritless. FDA Statement at 6. FDA already made available the first and second cycle discipline reviews for chemistry, toxicology, and environmental science, and the flaws in those reviews are one of the main issues in JLI's request for supervisory review. If the reviewers for those disciplines can be trusted to refine or revisit their now publicly available work product, there is no reason the authors of the other discipline reviews cannot.

Finally, releasing the withheld documents would not "cause confusion." FDA Statement at 6. The Marketing Denial Order is publicly available, and the public can read for themselves FDA's stated basis for its decision.[1] FDA's actions undermine its apparent concern about confusion anyway. Despite denying JLI's PMTAs based on supposed toxicology issues, FDA's press release announcing its decision prominently featured bold text blaming JLI for "play[ing] a disproportionate role in the rise in youth vaping." That press release—still available on FDA's website—is far more likely to confuse the public than making available the requested materials.

## II.   FDA HAS NOT SHOWN THAT THE SCIENTIFIC DISCIPLINARY REVIEWS ARE "DELIBERATIVE"

Even if FDA could meet its burden to establish foreseeable harm, FDA cannot show the requested documents are protected by the deliberative process privilege in the first place. To be protected by the deliberative process privilege, documents must be both predecisional and deliberative. *See Judicial Watch, Inc. v. Food & Drug Admin*, 449 F.3d 141, 151 (D.C. Cir. 2006); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021). Here, FDA "stumbles at both hurdles." *Pavement Coatings*, 995 F.3d at 1021.

*Predecisional*. None of the withheld documents are predecisional. For starters, one of those documents is a second TPL Review memo dated June 23, 2022. That is the same day FDA issued its

---

[1] The Marketing Denial Order is available at https://bit.ly/3X3kjho.

4

Marketing Denial Order and Toxicology TPL Review, and one day *after* officials leaked FDA's decision to deny JLI's PMTAs to the Wall Street Journal. The withheld memo, in other words, postdates FDA's decision and the end of its deliberative process. *See Citzens for Responsibility & Ethics v. U.S. Gen. Servs. Admin.*, 358 F. Supp. 3d 50, 53 (D.D.C. 2019). And the memo is authored, at least in part, by Matthew Holman, the Director of the Office of Science and the same agency official who signed the Marketing Denial Order. Based on other TPL Review memoranda that are publicly available, Dr. Holman's contribution was likely his signature memorializing his "signatory decision" to "[c]oncur with TPL recommendation and basis of recommendation," "[c]oncur with TPL recommendation with additional comments," or "not [to] concur with TPL recommendation." *See* JLI Toxicology TPL Review at 1; IQOS TPL at 4.[2] A document signed by an official with final decisionmaking authority, memorializing his agreement (or disagreement) with his subordinate's recommendation, reflects a final agency decision—not an internal draft while the agency weighs its options. *See Schlefer v. United States*, 702 F.2d 233, 259 n.11 (D.C. Cir. 1983).

It makes no difference that, according to FDA's *Vaughn* index, each page of the withheld TPL Review memo states "Deliberative – Internal – Not reviewed by CTP/OCD." Dr. Holman does not need approval from the Office of the Center Director to take action on a PMTA. He has independent authority to make final agency decisions and exercised that authority here. *See* Marketing Denial Order at 13; JLI Toxicology TPL Review at 1.

The withheld TPL Review memo, in turn, incorporates the 19 withheld discipline reviews. Each of those reviews is identified in tables listing "Disciplines Reviewed" and "Consultations" by the agency as part of the decision memorialized in the TPL Review. Even a seemingly predecisional document, like the discipline reviews, "cannot be characterized as predecisional if it is adopted,

---

[2] The Toxicology TPL Review for JLI's PMTA is available at https://bit.ly/3ZrPswA.

5

formally or informally" in a final decision like the withheld TPL Review memo. *Citizens for Responsibility & Ethics*, 358 F. Supp. 3d at 53; *Coastal States v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

*Deliberative*. The withheld discipline reviews also are not deliberative. "[P]urely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only 'those internal working papers in which opinions are expressed and policies formulated and recommended.'" *Ctr. for Biological Diversity v. United States EPA*, 279 F. Supp. 3d 121, 150 (D.D.C. 2017). For that reason, materials that do not embody political, policy-making agency judgments are considered factual and therefore not subject to the deliberative process privilege. *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1436 (D.C. Cir. 1992) (finding deliberative process privilege did not apply where information was technical and facilitative, rather than policy-decision related); *Sterling Drug Inc. v. Harris*, 488 F. Supp. 1019, 1022 (S.D.N.Y. 1980) (ordering disclosure of "reviews performed by pharmacologists, physicians and statisticians" for a new drug, where "[t]hey are investigative, scientific reports which depend on the observation and expertise of the author," not "the deliberative process of decision or policy-making"). Here, FDA's *Vaughn* index shows that reviewers analyzed JLI's products "from a microbiology perspective," "from a social science perspective," "from a medical perspective," and "from an epidemiology perspective." *See* Index at 3–6.[3] The discipline reviews embodying that analysis reflect the fact-based conclusions of FDA's scientific primary reviewers, not discretionary policy-making judgments.

## CONCLUSION

For these reasons, the withheld records are not protected by the deliberative process privilege and were improperly withheld by FDA.

---

[3] At minimum, FDA must provide redacted versions that do not withhold factual information. *See* 5 U.S.C. § 552(b).

Dated: January 13, 2023							Respectfully submitted,

							By:	/s/ Jason M. Wilcox
								David M. Bernick (DC Bar No. 1724860)
								KIRKLAND & ELLIS LLP
								300 North LaSalle
								Chicago, IL 60654
								(312) 862-2000

								Peter A. Farrell (DC Bar No. 53608)
								Jason M. Wilcox (DC Bar No. 1011415)
								KIRKLAND & ELLIS LLP
								1301 Pennsylvania Ave, NW
								Washington, D.C. 20004
								(202) 389-5000


							*Attorneys for Plaintiff Juul Labs, Inc.*