# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:22-cv-02853 <br> ) <br> ) <br> ) <br> ) <br> ) |

I, Jennifer German, declare as follows:

1. I am a Regulatory Policy Analyst, a staff member of the Freedom of Information Act Office ("CTP FOIA"), within the Office of Health Communication and Education ("OHCE"), Center for Tobacco Products ("CTP"), U.S. Food and Drug Administration ("FDA") in Silver Spring, Maryland. I submit this Declaration in support of Defendant's Motion for Summary Judgment in the above-captioned matter.

2. CTP is the center within FDA responsible for regulating tobacco products. I am a Team Lead in CTP FOIA, which processes and responds to requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records in CTP's possession.

3. The statements made in this declaration are based upon my personal knowledge and information made known to me in my official capacity and about which I have become knowledgeable. In addition, I am personally familiar with the FOIA requests submitted by Juul Labs Inc. ("Plaintiff") on June 23, 2022 numbered 2022-4621 and 2022-4625 (collectively,

Plaintiff's "FOIA Requests"), CTP FOIA's handling of FOIA requests generally, and CTP's handling of Plaintiff's FOIA Requests specifically.

4. The purpose of this declaration is to explain: (a) CTP FOIA's system for processing FOIA requests; (b) CTP FOIA's initial processing of Plaintiff's FOIA Requests; (c) CTP FOIA's actions after Plaintiff filed its Complaint in the above-captioned suit; and (d) the justification for withholding certain information responsive to Plaintiff's FOIA Requests.

## CTP FOIA'S SYSTEM FOR PROCESSING FOIA REQUESTS

5. FOIA requests submitted to FDA are generally received by the Agency's main FOIA office, the Division of Freedom of Information ("DFOI"), Office of the Executive Secretariat. DFOI logs in each request, assigns it a control number, and refers it to the Agency component(s) most likely to have records responsive to the request.

6. Because of FDA's size and the large number of records generated during the course of agency business, and the different components within FDA, the agency's FOIA program is decentralized. After a FOIA request is received and logged by DFOI, the request is assigned to the FDA office(s) reasonably likely to possess responsive records (the "action offices(s)"), which then process(es) the request.

7. When DFOI receives a FOIA request seeking CTP records, it assigns the request to CTP FOIA for processing.

8. When CTP FOIA receives a request to process a FOIA request, CTP FOIA personnel search records systems for documents under CTP's control to identify records that may be responsive to particular FOIA requests. CTP FOIA staff gather and review potentially responsive records to determine whether, before being made available for public disclosure, they

should be redacted in part or withheld in their entirety under any applicable FOIA exemptions, other statutory provision, or applicable privilege.

## CTP FOIA'S INITIAL PROCESSING OF PLAINTIFF'S FOIA REQUESTS

9. CTP FOIA received from DFOI two FOIA requests from Plaintiff dated June 23, 2022. CTP FOIA received Request 2022-4625 on June 24, 2022, and Request 2022-4621 on June 26, 2022.

10. Plaintiff's FOIA Requests sought "a copy of the technical project lead review (TPL) and any related documents for the mid-cycle review" of certain premarket tobacco product applications ("PMTAs" or "applications") submitted to FDA by Plaintiff (Request 2022-4621), and "[a] copy of the disciplinary review documents" for the same PMTAs (Request 2022-4625). Plaintiff's FOIA Requests are attached as Exhibits 3 and 4, respectively, to Plaintiff's complaint in this matter.

11. After receiving Plaintiff's FOIA Requests from DFOI, CTP FOIA staff examined the requests and concluded, based on knowledge of CTP's typical practices, that responsive documents would be stored in CTP's Image 2000+ ("Image") database.[1] CTP FOIA staff conducted a search for responsive records in that database. CTP FOIA staff identified the records filed under "reviews" for the listed PMTAs' Submission Tracking Numbers ("STNs") in that database as responsive.

12. CTP FOIA staff conducted a careful page-by-page, line-by-line review of the identified records, which consisted of a total of 25 scientific discipline review memos

---

[1] CTP uses this database to catalog and store submissions, such as PMTAs and Ingredient Listings, that are provided to the agency by external parties. This database also contains CTP work product made during the course of review of such submissions, and correspondence with submitters, including the decisions ultimately issued.

3

("Discipline Reviews") and a Technical Project Lead ("TPL") review memo limited to toxicological issues ("Toxicology TPL Review").

13. As explained below, CTP FOIA ultimately determined that a total of seven responsive records—out of the 26 initially-identified records—were releasable under FOIA, and released these records in full to Plaintiff on July 8, 2022 and July 21, 2022. True and correct copies of CTP FOIA's July 8, 2022 and July 21, 2022 letters to Plaintiff are attached as **Exhibit 1** and **Exhibit 2**, respectively.

14. CTP FOIA further concluded that 19 of the initially identified responsive records are protected from public disclosure by Exemption 5 of the FOIA because the records are subject to the deliberative process privilege, which allows the government to withhold records that are both predecisional and deliberative. CTP FOIA further determined, pursuant to 5 U.S.C. § 552(a)(8)(A)(i) and (ii), that it is reasonably foreseeable that an interest protected by Exemption 5 would be harmed by release of these records, and that partial disclosure of the information was not possible. Accordingly, CTP FOIA denied Plaintiff's FOIA Requests with respect to these 19 records. *See* Exh 2. (July 21, 2022 letter).

## CTP FOIA'S ACTIONS AFTER PLAINTIFF FILED ITS COMPLAINT

15. After Plaintiff filed its Complaint in this action, CTP FOIA became aware of the existence of one additional responsive record that was not stored in the Image database. This document is a second TPL Review memo that discusses scientific disciplines other than toxicology ("Additional Disciplines TPL Review"). CTP FOIA staff conducted a careful page-by-page, line-by-line review of the identified record and concluded that it is responsive to Plaintiff's FOIA Requests, but that it is subject to the deliberative process privilege. CTP FOIA further concluded, pursuant to 5 U.S.C. § 552(a)(8)(A)(i) and (ii), that it is reasonably

foreseeable that an interest protected by Exemption 5 would be harmed by release of the record, and that partial disclosure of the information was not possible.  Therefore, CTP FOIA has not produced this record to Plaintiff.

16. CTP FOIA subsequently determined that the page counts it included in its July 21, 2022 letter to Plaintiff were incorrect.  The correct total page count is 723 pages of responsive records, 252 pages produced in full, and 471 pages withheld in full.

**JUSTIFICATION FOR WITHHOLDING CERTAIN RESPONSIVE RECORDS**

17. The CTP Office of Science ("OS") conducts scientific review of PMTAs. Accordingly, CTP FOIA consulted with OS regarding the role that the responsive records played in FDA's decision-making process on Plaintiff's PMTAs, which resulted in a Marketing Denial Order ("MDO") for the subject PMTAs issued on June 23, 2022.  The MDO was signed by the Director of OS.

18. OS explained to CTP FOIA that CTP's decision on Plaintiff's PMTAs, the June 23, 2022 MDO, was based on the PMTAs' toxicological deficiencies alone.  *See* Mital Decl. ¶ 22.  The relevant analysis and recommendations supporting the MDO were those provided by the TPL in the Toxicology TPL Review Memo.  *See id.* ¶¶ 15-22.  Because the toxicological issues were dispositive of the PMTAs, CTP concluded that it was not necessary to resolve any other aspects of the applications.  *See id.* ¶ 17.  Accordingly, the Additional Disciplines TPL Review Memo, which discusses scientific disciplines other than toxicology, did not provide any part of the basis for the MDO.  *See id.* ¶¶ 15-22.

19. Similarly, only the Discipline Review Memos cited or otherwise relied on in the Toxicology TPL Review Memo were relevant to CTP's reasoning in the MDO.  *See id.*  The other Discipline Review Memos were discussed in the Additional Disciplines TPL Review

Memo, but none of those records ended up becoming part of the basis for CTP's decision set forth in the MDO.  *See id.*

20. As explained above, the responsive records for Plaintiff's FOIA Requests consist of 25 scientific Discipline Review Memos, the Toxicology TPL Review Memo, and the Additional Disciplines TPL Review Memo.

21. CTP FOIA released in full seven of these documents: the Toxicology TPL Review Memo as well as six Discipline Review Memos that were reviewed and considered, or relied on, within the Toxicology TPL Review Memo (specifically, the First and Second Cycle Toxicology Reviews, the First and Second Cycle Environmental Science Reviews, and the First and Second Cycle Chemistry Reviews).  The Toxicology TPL Review Memo provided the basis for the MDO.  The Toxicology Discipline Review Memos were the primary reviews considered and discussed in the Toxicology TPL Review Memo, and included all of the deficiencies ultimately cited as reasons for the MDO.  The Environmental Science Discipline Review Memos were also reviewed and considered, and cited in, the Toxicology TPL Review Memo.  And although the First and Second Cycle Chemistry Discipline Review Memos were not directly considered or referenced in the Toxicology TPL Review Memo, they were also released because the Toxicology Discipline Review Memos relied on them, in part. *See* Exh. 2 at 1-2.

22. CTP FOIA withheld in full under Exemption 5 the remaining 20 documents, consisting of the Additional Disciplines TPL Review Memo and 19 scientific Discipline Review Memos (collectively, the "Withheld Discipline Review Memos").

23. All of the withheld records are purely internal.  They were drafted by CTP scientists and addressed to other CTP employees.  They were created as part of CTP's work

6

reviewing Plaintiff's PMTAs and making its decision regarding whether to authorize marketing of Plaintiff's products.

24. All of the withheld records are predecisional. They contain the thinking of CTP scientists developed during review of Plaintiff's PMTAs, for the purpose of helping the agency make its decision on whether to authorize marketing of Plaintiff's products. And all of these records were finalized before the decision to which they are relevant: issuance of Plaintiff's MDO.

25. All of the withheld records are deliberative. They contain CTP scientists' recommendations to other OS scientists, and to their superiors, regarding each individual scientist's views of the data and information that scientist reviewed. In the case of the Withheld Discipline Review Memos, the recommendations contained therein are limited to the individual scientist's own discipline (e.g., toxicology, chemistry, engineering). In the case of the Additional Disciplines TPL Review Memo, the recommendations therein express the TPL's individual judgment regarding synthesis of the applicable Discipline Review Memos with the statutory standard required for marketing authorization, i.e., "appropriate for the protection of the public health." 21 U.S.C. § 387j(c)(2)(A). Further, unlike the Toxicology TPL Review Memo, the recommendations in the Additional Disciplines TPL Review Memo were not adopted by the MDO.

26. Because all of the withheld records are internal, predecisional, and deliberative, CTP FOIA staff concluded that they are subject to the deliberative process privilege and protected by FOIA exemption 5.

27. OS informed CTP FOIA that the agency did not make a decision on the subjects discussed in the withheld records (i.e, the appropriate assessment of the data and information

through the lenses of other scientific disciplines, such as epidemiology, social science, and microbiology), and CTP's determination (the MDO) was only based upon the toxicology deficiencies discussed in the Toxicology TPL Review Memo and associated Discipline Review Memos.

28. CTP FOIA therefore concluded that the withheld documents are OS recommendations that were not fully considered or acted upon by the agency. CTP may consider and make decisions about the other scientific disciplines discussed in the withheld records in further proceedings relating to Plaintiff's products. Further proceedings on these applications are currently underway in the form of FDA supervisory review of the MDO under 21 C.F.R. § 10.75. *See* Complaint ¶ 25. Active agency deliberations have therefore resumed and will continue until the agency makes a decision on the supervisory review.

29. Current and future deliberations regarding the same data and information, as analyzed by scientists from various disciplines other than toxicology, are reasonably likely to be adversely impacted by release of these records. Such deliberations may entail active reconsideration of those very subjects, including deliberations by the same individuals who drafted the earlier review memos, or by different individuals exercising their own independent judgment and expertise. The release of the agency's unfinished deliberations, including the opinions of individuals who could be involved in current or future deliberations on the exact same data and information, could adversely affect those current or future deliberations (including any that may be currently taking place).

30. For all of these reasons, CTP FOIA concluded it was reasonably foreseeable that disclosure of the withheld documents would cause harm to the agency's deliberative process.

31. Even without further internal deliberation on the non-toxicological aspects of Plaintiff's applications, revealing the substance of the unfinished deliberations would likely lead to confusion regarding the basis of FDA's MDO. As described above, FDA's MDO was not based on the analyses in these records. But because FDA typically releases (directly to the affected applicants) TPL Review Memos and Discipline Review Memos that *do* provide the basis for its decisions, and because the records at issue here did not serve that purpose but otherwise appear very similar to the types of records FDA typically releases in such circumstances, these records are very likely to be misconstrued outside of the agency. Plaintiff (and others Plaintiff may choose to share the records with) might be led to believe that these records reflect CTP's position on topics for which it has not yet reached a conclusion.

32. In addition, because the withheld records contain detailed analyses of the factual data and information presented in the applications, and the factual data and information are inextricably intertwined with the analysis of the staff scientists who drafted the reviews, CTP FOIA concluded that it is not possible to segregate and release only factual portions of the records without implicating the reasonably foreseeable harm discussed above.

33. Furthermore, in both the Withheld Discipline Review Memos and the Additional Disciplines TPL Review Memo, the selection and presentation of factual data and information to include is itself deliberative, in that it outlines the staff scientists' internal thought processes in analyzing Plaintiff's applications. In the withheld records, the staff scientists summarize and distill the voluminous data and information they reviewed in reaching their recommendations regarding Plaintiff's PMTAs. The Withheld Discipline Review Memos contain summaries of studies submitted by Plaintiff and other information available to FDA. The summaries describe, in an intertwined fashion, the design of various studies and their key features; the strengths,

weaknesses, and limitations of the studies; comparisons among and across studies; study outcomes and the scientists' assessment of those outcomes, and data or information that was *not* submitted or otherwise available to the staff scientists that could have been relevant if present. These summaries intertwine fact and opinion, simultaneously explaining and supporting the discipline reviewers' recommendations to the TPL regarding their individual scientific disciplines, to aid the TPL in making more-comprehensive recommendations to the agency decisionmaker.

34.     The Additional Disciplines TPL Review memo does the same thing but at a higher level, further summarizing the factual bases for the opinions of the reviewers across multiple scientific disciplines to benefit the agency decisionmaker in its review and consideration of the TPL's recommendations. The Additional Disciplines TPL Review memo proceeds through multiple topics by first summarizing what the TPL identifies as "Discipline key findings," including the relevant discipline reviewers' recommendations and their underlying factual bases, and then proceeding to the TPL's own "Synthesis," explaining whether and why the TPL agrees with the discipline reviewers.  The TPL then proceeds to make more comprehensive recommendations to the agency decisionmaker on this foundation.

35.     Because all of these materials extensively intertwine the facts with their evaluations in the deliberative recommendations, and because these recommendations are a critical part of the agency's unfinished decisionmaking process regarding the scientific disciplines addressed in these records, CTP FOIA concluded that it could not reasonably segregate and release purely factual material in the records without effectively revealing the substance of the deliberations themselves. All of the withheld records are accounted for in the *Vaughn* index that was produced to Plaintiff on December 16, 2022.  The *Vaughn* index provides

a detailed description of each record withheld in full, the date of the record, the author and intended recipient of the record, the start and end pages of the record, and a particularized explanation of the withheld record. The index identifies the relevant exemption, (b)(5), which applies to all of the identified records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2023.

          Jennifer J. German -S
          Digitally signed by Jennifer J. German -S
          Date: 2023.03.01 17:36:55 -05'00'

JENNIFER J. GERMAN
Regulatory Policy Analyst
Office of Health Communication and Education
Center for Tobacco Products
Food and Drug Administration
U.S. Department of Health and Human Services

# **Exhibit 1**



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Food and Drug Administration<br>
Center for Tobacco Products<br>
Document Control Center<br>
Building 71, Room G335<br>
10903 New Hampshire Avenue<br>
Silver Spring, MD 20993-0002

July 8, 2022

*Sent via Email*
Elizabeth Copeland
JUUL Labs Inc.
1000 F Street N.W., Suite 800
Washington, DC 20004
elizabeth.copeland@juul.com


Re:     FOIA Requests 2022-4621 and 2022-4625
         Partial Response

Dear Ms. Copeland,

This is a partial response to your June 23, 2022, Freedom of Information Act (FOIA) requests to the U.S. Food and Drug Administration (FDA), Center for Tobacco Products (CTP).  You requested the following documents:
- 2022-4621: A copy of the technical project lead review (TPL) and any related documents for the mid-cycle review of the JUUL Labs, Inc. Premarket Tobacco Product Applications: JUULpods (Menthol 3.0%) – PM0000864.PD1; JUULpods (Menthol 5.0%) – PM0000872.PD1; JUULpods (Virginia Tobacco 3.0%) – PM0000874.PD1; JUULpods (Virginia Tobacco 5.0%) – PM0000876; JUUL Device – PM0000878.PD1; JUUL Locked Device – PM0000879.
- 2022-4625: A copy of the disciplinary review documents for the above PMTAs.

Your requests were received in CTP on June 26, 2022.

In an email discussion on July 1, 2022 you clarified the meaning of the 2022-4621 request regarding "mid-cycle" documents as "all documents pertaining to both the first and second cycle scientific reviews, including all disciplinary reviewer notes."

Your requests have been processed under the FOIA, 5 U.S.C. § 552.

A search for responsive records was conducted in CTP's Office of Science's Submission Tracking database.  After reviewing the enclosed responsive pages, CTP FOIA has determined that they are appropriate for public release. They are enclosed in their entirety; no FOIA exemptions have been claimed.

We will continue to process the remaining records responsive to your request. Upon completion, a final response will be sent to you.

FOIA Requests 2022-4621 and 2022-4625                                                                                                  2

If you would like to discuss our response, please contact Rosemary White at 301-796-7297 or via email at Rosemary.White@fda.hhs.gov and/or CTPFOIA@fda.hhs.gov.  You may also contact the FDA FOIA Public Liaison for assistance at: Division of Freedom of Information, Office of the Executive Secretariat, US Food & Drug Administration, 5630 Fishers Lane, Room 1050, Rockville, MD 20857, E-mail: FDAFOIA@fda.hhs.gov.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road–OGIS, College Park, MD 20740-6001; Telephone 202-741-5770; Toll free 1-877-684-6448; Facsimile 202-741-5769; and E-mail ogis@nara.gov.

We appreciate the opportunity to assist you!

Sincerely,

Jennifer J. German -S
Digitally signed by Jennifer J. German -S
Date: 2022.07.08 15:07:19 -04'00'

For
Ms. Marqui Barnes
Chief FOIA Officer
Office of Health Communication and Education
Center for Tobacco Products
U.S. Food and Drug Administration

Enclosures

# Exhibit 2



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Food and Drug Administration
Center for Tobacco Products
Document Control Center
Building 71, Room G335
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

July 21, 2022

*Sent via Email*
Elizabeth Copeland
JUUL Labs Inc.
1000 F Street N.W., Suite 800
Washington, DC 20004
elizabeth.copeland@juul.com

Re:      FOIA Requests 2022-4621 and 2022-4625
         Final Response

Dear Ms. Copeland,

This is a final response to your June 23, 2022, Freedom of Information Act (FOIA) requests to the U.S. Food and Drug Administration (FDA), Center for Tobacco Products (CTP).  You requested the following documents:

- 2022-4621: A copy of the technical project lead review (TPL) and any related documents for the mid-cycle review of the JUUL Labs, Inc. Premarket Tobacco Product Applications: JUULpods (Menthol 3.0%) – PM0000864.PD1; JUULpods (Menthol 5.0%) – PM0000872.PD1; JUULpods (Virginia Tobacco 3.0%) – PM0000874.PD1; JUULpods (Virginia Tobacco 5.0%) – PM0000876; JUUL Device – PM0000878.PD1; JUUL Locked Device – PM0000879.
- 2022-4625: A copy of the disciplinary review documents for the above PMTAs.

Your requests were received in CTP on June 26, 2022.

In an email discussion on July 1, 2022 you clarified the meaning of the 2022-4621 request regarding "mid-cycle" documents as "all documents pertaining to both the first and second cycle scientific reviews, including all disciplinary reviewer notes."

Your requests have been processed under the FOIA, 5 U.S.C. § 552.

On July 8, 2022, we sent you a partial response that included the Technical Project Lead Review (Toxicology) and the First and Second Cycle Toxicology Reviews. The TPL Review (Toxicology) provided the basis for the Agency's Marketing Denial Order (MDO) decision on the products listed above, and the Toxicology Reviews were reviewed and considered for the TPL Review (Toxicology).

An additional search for responsive records was conducted in CTP's Office of Science's Submission Tracking database. This search produced a total of 292 pages.  After reviewing the

responsive pages, CTP FOIA has determined to release 115 pages in full. One-hundred-seventy-seven have been withheld pursuant to FOIA exemption (b)(5) as described below.

**FOIA Exemption (b)(5)** protects from disclosure those inter- and intra-agency records that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive records, CTP FOIA has determined that some of the responsive documents qualify for protection under the following privilege:

- **Deliberative Process Privilege** protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal, predecisional, deliberative information would discourage the expression of candid opinions, would inhibit the free and frank exchange of information among agency personnel, and could cause public confusion as to the grounds of the Agency's decision.

In this situation, the scientific disciplinary reviews contain the thinking of CTP's scientists deliberating as part of the review of the PMTAs. We are, however, releasing the First and Second Cycle Environmental Science and Chemistry Reviews because the Environmental Science Reviews, like the Toxicology Reviews, were reviewed and considered for the TPL Review (Toxicology), and the Toxicology Reviews relied in part on analysis in the Chemistry Reviews. The TPL Review (Toxicology) did not reach other aspects of the applications beyond the potential toxicological health risks of the new products.

This concludes the response for CTP. You have the right to appeal this determination. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. Your appeal must be mailed within 90 days from the date of this response, to: Director, Office of the Executive Secretariat, US Food & Drug Administration, 5630 Fishers Lane, Room 1050, Rockville, MD 20857, E-mail: FDAFOIA@fda.hhs.gov. Please clearly mark both the envelope and your letter **"FDA Freedom of Information Act Appeal."**

If you would like to discuss our response <u>before</u> filing an appeal to attempt to resolve your dispute without going through the appeals process, please contact Rosemary White at 301-796-7297 or via email at Rosemary.White@fda.hhs.gov and/or CTPFOIA@fda.hhs.gov.  You may also contact the FDA FOIA Public Liaison for assistance at: Division of Freedom of Information, Office of the Executive Secretariat, US Food & Drug Administration, 5630 Fishers Lane, Room 1050, Rockville, MD 20857, E-mail: FDAFOIA@fda.hhs.gov.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road–OGIS, College Park, MD 20740-6001; Telephone 202-741-5770; Toll free 1-877-684-6448; Facsimile 202-741-5769; and E-mail ogis@nara.gov.

FOIA Requests 2022-4621 and 2022-4625                                                                 3

Provisions of the FOIA allow us to recover part of the cost of complying with your request. As a courtesy, CTP will not charge the fees incurred in the processing of this request.

We appreciate the opportunity to assist you!

Sincerely,

Jennifer J. German -S
Digitally signed by Jennifer J. German -S
Date: 2022.07.21 20:20:04 -04'00'

For
Ms. Marqui Barnes
Chief FOIA Officer
Office of Health Communication and Education
Center for Tobacco Products
U.S. Food and Drug Administration

Enclosures