# Exhibit 18

4/11/23, 10:36 AM                Hidden FDA Report Raises Questions About Its Approach to Public Records and Premarket Tobacco Review | Tobacco Law Blog

Case 1:22-cv-02853-RDM   Document 19-20   Filed 04/12/23   Page 2 of 5

# Tobacco Law Blog



# Hidden FDA Report Raises Questions About Its Approach to Public Records and Premarket Tobacco Review

By **Troutman Pepper Tobacco Practice**, **Robert Claiborne**, **Bryan Haynes** & **Agustin Rodriguez** on March 15, 2023

*FDA's approach to a premarket tobacco product application (PMTA) raises new questions about whether its marketing denial order was arbitrary and capricious and whether the deliberative-process exemption justifies its withholding of related records. The Agency's approach is partially documented in a memorandum that FDA disclosed in response to a Freedom of Information Act request, and there is pending litigation over other records that FDA continues to withhold.*

May a federal agency that has issued its final determination on a PMTA set aside a portion of its written analysis and withhold those records under the deliberative-process exemption to the **Freedom of Information Act** (FOIA)? What if those records actually support the PMTA or undermine the purported bases for the agency's action? These are questions stemming from two pending cases involving FDA and JUUL Labs, Inc. (JLI). In No. 22-1123 (D.C. Cir.), JLI claims that FDA's **marketing denial order** (MDO) on its PMTAs was arbitrary and capricious in violation of the **Family Smoking Prevention and Tobacco Control Act** (TCA) and the **Administrative Procedure Act** (APA). In No. 1:22-cv-02853 (D.D.C.), JLI claims that FDA's withholding of these records is not supported by FOIA's deliberative-process exemption.

**FDA's Separate TPLs and Denial of JLI's PMTAs**

On June 23, 2022, the FDA Center for Tobacco Products (CTP) issued the MDOs to JLI. According to FDA, JLI submitted insufficient information regarding toxicological risks to evaluate whether its products would be appropriate for the protection of the public health

Case 1:22-cv-02853-RDM    Document 19-20    Filed 04/12/23    Page 3 of 5

(APPH) under the **TCA**. The MDO stated that FDA's decision was not based on any other considerations and was signed by the then-Director of the CTP Office of Science (OS).

Recent litigation filings indicate that, less than an hour before that MDO, the then-acting Director of CTP authored an **internal memorandum** (Memo to File) regarding the MDO and two related technical project lead review reports (TPLs). The TPL is used by CTP for documenting whether a product meets the TCA's APPH standard. In a TPL, OS describes the multidisciplinary review completed on a PMTA, and it is foundational to FDA's grant or denial of a marketing order.

After reviewing JLI's PMTAs, OS completed one TPL regarding its toxicology review (Toxicology TPL) and, according to the Memo to File, completed another TPL regarding all other matters under review (Second TPL). The Memo to File suggests that OS often consults with the Office of CTP Director in making regulatory decisions that are novel or complex; however, the Office of CTP Director appears to have taken a much more proactive role in JLI's applications. As reflected in the Memo to File, the Office of CTP Director had informed OS that it would review any decisions by OS for these specific applications – regardless of whether novel or complex issues were present – before a final agency decision was made. In short, the CTP Director would make the final decision on JLI's applications, not OS.

According to the acting CTP Director, her office reviewed the Toxicology TPL and concluded that the issues in it were dispositive of the MDO, obviating review and resolution of other aspects of the PMTAs addressed in the Second TPL.

**JLI's MDO and FOIA Cases**

On the same day JLI received the MDO, it petitioned the U.S. Court of Appeals for the D.C. Circuit to review the MDO and sent a FOIA request to FDA for relevant documents. FDA produced the Toxicology TPL and other related records in response to JLI's FOIA request but withheld others – including the Second TPL – on assertion of the deliberative-process exemption. Disputing the exemption, JLI filed a FOIA action in the U.S. District Court for the District of Columbia. Briefing is underway on the merits of the FOIA issue.

**Questions Concerning Agency Action, FOIA and the Deliberative Process Exception**

In our experience handling FDA premarket applications, we have never seen FDA bifurcate and compartmentalize TPLs. Consistent with **an example** on FDA's website, the multidisciplinary analysis for a product always appears in a single TPL. With JLI, OS apparently proceeded differently based on its "consultations" with the CTP Director's office, and subject to that office's "review." Observers are left to wonder what exactly the Director's office communicated to OS. In light of these remarkable facts, it will be interesting to see if the court orders FDA to disclose the Second TPL. Will the court accept FDA's position that the Second TPL was pre-decisional and deliberative and that it had no bearing on the MDO? Considerations may include the following:

- Although FDA purportedly issued the MDO based solely on the insufficiency of toxicological information, (1) the **TCA's** APPH standard is holistic; (2) the APA further prohibits FDA from making an APPH finding that is "arbitrary" or "capricious;" and (3) OS's creation of separate Toxicology and Second TPLs raises questions about how FDA evaluated all of the relevant evidence consistent with its obligations under the TCA.

- The relationship between these FOIA and PMTA matters raises broader concerns. While it remains to be seen what happened here, one cannot help but imagine that an agency could assert pretextual or piecemeal grounds for its actions, withhold records that may undermine its asserted grounds, and more-or-less insulate its actions from meaningful review. Any such agency attempts at evading disclosure and review would appear to violate the core transparency purposes of FOIA and the APA. The anomaly of FDA's dual TPLs adds to these questions here.

**********

We will continue to monitor these matters for further developments.

**Tobacco Law Blog**



Copyright © 2023, Troutman Pepper Hamilton Sanders LLP. All Rights Reserved.

4/11/23, 10:36 AM
Hidden FDA Report Raises Questions About Its Approach to Public Records and Premarket Tobacco Review | Tobacco Law Blog

Case 1:22-cv-02853-RDM   Document 19-20   Filed 04/12/23   Page 5 of 5