# Exhibit 36

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: OTHER CIVIL |

STATE OF MINNESOTA, by its Attorney General, Keith Ellison,

        Plaintiff,

vs.

JUUL LABS, INC., a Delaware corporation f/k/a PAX LABS, INC. f/k/a PLOOM PRODUCTS, INC.; ALTRIA GROUP, INC. f/k/a PHILIP MORRIS COMPANIES, INC.; PHILIP MORRIS USA INC. f/k/a PHILIP MORRIS INC.; ALTRIA CLIENT SERVICES LLC; ALTRIA GROUP DISTRIBUTION COMPANY; ALTRIA ENTERPRISES LLC,

        Defendants.

Case No. 27-CV-19-19888
The Honorable Laurie J. Miller

**ORDER ON MOTIONS IN LIMINE AND TRIAL PLAN**

The above-entitled matter is set for a civil jury trial beginning Monday, March 27, 2023. The Court heard the parties' motions in limine on Thursday, March 23, 2023. Based upon its review of the parties' written submissions, and the oral arguments made at the hearing on March 23rd, the Court makes the following rulings on the motions in limine.

**Motions in Limine of Plaintiff State of Minnesota**

    1.    The State's motion to preclude Defendants from arguing that Juul products are FDA-approved, authorized, or "legal" or that Juul complies with federal regulations is **GRANTED IN PART and RESERVED IN PART.** Defendants have represented that they do not intend to claim that Juul products are FDA approved or authorized, and the Court accordingly grants the motion to bar any claim of FDA approval or authorization for Juul products. The Court otherwise reserves ruling as to the propriety of arguments about the

promoted its products as safer than combustible cigarettes is plainly relevant and should not be excluded. The Court finds that the letter is relevant and not subject to exclusion as hearsay, as it is a public record. To the extent that Juul argued it may be unfairly prejudiced, if the jury assigns extra weight to this letter as the pronouncement of a federal agency, the Court is willing to entertain providing a cautionary instruction to the jury, informing them that the letter is not a final action of the agency, and that it should not be given more or less weight than any other piece of evidence, merely because it originated with a federal agency. This motion is **DENIED**, except to the extent the Court is willing to provide an appropriate cautionary instruction.

7. Juul seeks to exclude all evidence or argument about allegations and claims made against combustible cigarette manufacturers, including Altria's subsidiary Philip Morris USA, in all prior or current lawsuits. Juul seeks to preclude any argument by the State that Juul borrowed from the "playbook" of "Big Tobacco" and engaged in similar misconduct to that asserted in lawsuits against tobacco companies years ago. Juul argues that such evidence is inadmissible hearsay and that it is unfairly prejudicial. The State responds that Juul had knowledge of the tobacco industry's youth-targeted product design and marketing, through evidence of those practices produced in prior tobacco litigation. The State argues that it should be allowed to present evidence that Juul mimicked those practices. The State contends this evidence is not hearsay, because it is being offered for its effect on the listener, not for the truth of the matter asserted. The Court finds the State's relevance and hearsay arguments persuasive. This motion is **DENIED**.[1]

---

[1] The State and Juul used different numbering for their briefing of two of Juul's motions in limine. What Juul labeled No. 7, the State labeled No. 9, and vice versa. The Court has used Juul's numbering system for purposes of this Order.

11

8. Juul seeks to exclude references to the FDA's Marketing Denial Order ("MDO"), arguing that it is not a final agency action, in that it is stayed subject to further review. The MDO was the FDA's response to Juul's Premarket Tobacco Approval submission. The State notes that while the MDO has been appealed, it has not been overturned or rescinded. The State argues that the MDO is relevant to rebut Juul's safety and reduced risk assertions. The State also argues that the MDO is relevant to the State's misrepresentation claims, and that the State will be unfairly prejudiced if the MDO is excluded. The Court **RESERVES** ruling on this motion. The State's principal argument in its written opposition to this motion is that the MDO may be relevant to rebut Juul's evidence as to safety and risk. The Court cannot make that relevance determination until Juul presents its evidence. Also, as noted above, the parties have agreed to work on a proposed stipulation or joint instruction to inform the jury about the status of the regulatory process in which Juul is engaged. If they succeed, that will help to inform the Court's decision on whether the MDO ultimately may be admissible.

9. Juul seeks to exclude all evidence concerning FDA comments on its "Make the Switch" campaign, including a September 9, 2019 request for information issued to Juul by the FDA. Because the FDA did not take formal action on this campaign, Juul argues that allowing this evidence to come in would invade the province of the jury and would cause undue prejudice to Juul. The State responds that the letter is probative of the State's claim that Juul's design and marketing scheme caused the youth vaping epidemic, and that it is admissible under the hearsay rule's public records exception. The Court finds that the letter is relevant, not unfairly prejudicial, and not subject to exclusion as hearsay, as it is a public record. This motion is **DENIED**.

10.     Juul seeks to exclude any evidence or argument that it should have used a different or additional nicotine warning on top of the FDA-required warning. Specifically, Juul seeks to foreclose the State from pursuing its claim that Juul failed to warn of the addictive potential of its products. (First Am. Compl. ¶ 109.) The State responds that the Court has already ruled on Juul's preemption claims, and that warnings on topics other than nicotine addiction are not preempted. Juul asserts that it is not seeking to relitigate the Court's previous ruling on preemption, but instead is making a new or different preemption argument from what it argued previously. Whether characterized as an attempt to relitigate an old issue, or to litigate a new preemption issue, the Court finds that this motion is functionally a new dispositive motion, not an evidentiary motion. The deadline for filing dispositive motions expired quite some time ago. This motion is **DENIED**.

11.     Juul seeks to exclude evidence of news articles containing negative statements about Juul or about e-cigarettes generally. One particular exhibit called out by this motion is the State's Exhibit 1491, which is a video excerpt from The Colbert Report offering a comedic monologue about vaping. Another exhibit to which Juul objects is the States Exhibit 0085, an article from The Independent entitled "The Vice Squad: How 'Vice' Magazine Became The New Teen Bible." The State responds that Exhibit 1491 includes a video clip of Juul's "Vaporized" campaign, and that Mr. Colbert's criticism of that campaign for its youth appeal is relevant to Juul's knowledge of the youth appealing nature of its advertising campaign. The State notes that it has evidence that two hours after Juul's marketing agency contacted Juul about this Colbert segment, Juul pulled its "Vaporized" campaign. The State also notes that to reduce the risk of jury confusion, it has edited the video clip in Exhibit 1491 to remove reference to any non-Juul products. The State argues

decide the equitable claims, including Count V for public nuisance and Count VII for unjust enrichment. Because the liability evidence on the legal and equitable claims is overlapping, the first phase of the trial will address liability for all counts as well as money damages. The jury will determine liability and damages for the legal claims at the conclusion of the first phase of the trial. Thereafter, the Court will schedule a second, non-jury phase of the trial to hear evidence on the equitable remedies sought by the State, including abatement and injunctive relief, disgorgement, and civil penalties.

    IT IS SO ORDERED.

BY THE COURT:

Miller, Laurie
2023.03.24
17:17:58 -05'00'

DATED: March 24, 2023

Laurie J. Miller
Judge of District Court