**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUUL LABS, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>FOOD & DRUG ADMINISTRATION,<br><br>      Defendant. | Civil Action No. 1:22-CV-02853-RDM |

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR
EXPEDITED BRIEFING AND IN CAMERA REVIEW</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*ACLU v. U.S. Dep't of Def.*,
  628 F.3d 612 (D.C. Cir. 2011) ........................................................................................4

*Associated Press v. U.S. Dep't of Just.*,
  549 F.3d 62 (2d Cir. 2008) .............................................................................................4

*Elec. Privacy Info. Ctr. v. DHS*,
  384 F. Supp. 2d 100 (D.D.C. 2005) ................................................................................4

*Meeropol v. Meese*,
  790 F.2d 942 (D.C. Cir. 1986) ........................................................................................4

*NLRB v. Robbins Tire & Rubber Co.*,
  437 U.S. 214 (1978) .........................................................................................................4

*PHE, Inc. v. Dep't of Justice*,
  983 F.2d 248 (D.C. Cir. 1993) ........................................................................................4

*Vanda Pharm., Inc. v. FDA*,
  2023 WL 2645714 (D.D.C. Mar. 27, 2023) ....................................................................6

## STATUTES

5 U.S.C. § 552(a)(4)(B) .........................................................................................................3

## OTHER AUTHORITIES

Brendan Pierson, *Juul, Altria Settle with Minnesota Over Teen Vaping Addiction*,
  Reuters (April 17, 2023 12:06 P.M.)
  https://www.reuters.com/business/healthcare-pharmaceuticals/
  juul-altria-settle-with-minnesota-over-teen-vaping-addiction-2023-04-17/ ........................4

## INTRODUCTION

The Court should reject Plaintiff's extraordinary request to conduct an *in camera* review of one of the documents at issue in this Freedom of Information Act (FOIA) case and order its production mid-way through summary judgment briefing on whether Defendant Food and Drug Administration (FDA) properly withheld that document pursuant to FOIA's Exemption 5. *In camera* review of withheld records is unusual in FOIA cases to begin with, let alone before the parties have finished briefing summary judgment. Plaintiff agreed to the current summary judgment briefing schedule, and it presents no compelling, urgent reason for the Court to interrupt that briefing and have the Court review the one document now. If the Court determines that *in camera* review is necessary based on the complete summary judgment record—which, if Plaintiff filed its Reply brief early, could be before the Court in about a month, under the current schedule—it can of course order it then.

## BACKGROUND

In this FOIA case, Plaintiff Juul Labs, Inc. (JLI) seeks from Defendant FDA documents related to the agency's June 2022 decision to deny Plaintiff's pre-market tobacco applications (PMTAs) for certain e-cigarette products. The complaint was filed in September 2022, and by early December 2022, the parties narrowed the dispute to a single issue—whether the withheld materials are exempt from disclosure under FOIA's Exemption 5 based on the deliberative process privilege—and jointly proposed a pre-motion briefing schedule. Joint Status Report, ECF No. 10. Pursuant to that agreed-upon schedule, the FDA provided Plaintiff with a *Vaughn* index on December 16, 2022, and filed its pre-motion notice on January 6, 2023. Notice of the Anticipated Bases for Def.'s Proposed Mot. for Summ. J., ECF No. 11.

In its December 16, 2022 *Vaughn* index, FDA described the Additional Disciplines TPL Review Memo to which Plaintiff's instant "emergency" motion pertains, and FDA further discussed

that document in its pre-motion notice, filed more than three months ago. In that filing, FDA

explained that the memo analyzed the non-toxicology discipline reviews for Plaintiff's PMTAs; that

it was in addition to the Toxicology TPL Review Memo that analyzed the toxicology discipline

reviews for Plaintiff's PMTAs; that FDA's Center for Tobacco Products (CTP) Office of the Center

Director (OCD) advised CTP's Office of Science (OS) that OCD would review any proposed

conclusions reached by OS before any of the proposals became the final decision; that FDA's

decision denying Plaintiff's PMTAs, which OCD concurred with,  was based solely on the

toxicological issues outlined in the Toxicology TPL Review Memo; that OCD did not review and

FDA did not adopt the Additional Disciplines TPL Review Memo; and that that memo did not

reflect any final agency decision. *Id.* at 2-3. The Additional Disciplines TPL Review Memo therefore

preceded the agency's decision on Plaintiff's PMTAs, was part of the agency's deliberative process

on Plaintiff's PMTAs, and was not adopted in the agency's final decision. *Id.* at 5-7. The FDA

explained that it would argue that the Additional Disciplines TPL Review Memo, along with

supporting scientific memos not at issue in Plaintiff's emergency motion, were properly withheld

under the deliberative process privilege and that release would cause foreseeable harm. *Id.*

Plaintiff addressed these arguments a week later in its response to the FDA's pre-motion

notice. Notice of the Anticipated Bases for Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Proposed

Cross-Mot. for Summ. J., ECF No. 13. At its January 19, 2023, pre-motion conference, the Court

entered the parties' proposed summary-judgment briefing schedule, which the parties had mutually

agreed to prior to the conference. Pursuant to that schedule, the FDA timely filed its Motion for

Summary Judgment on March 2, 2023, in which it fleshed out the arguments it previewed in its pre-

motion notice. Def.'s Mot. for Summ. J., ECF No. 16. The schedule further provides that Plaintiff's

Opposition and Cross-Motion for Summary Judgment was due six weeks later, on April 13, 2023,

the FDA's Opposition and Reply brief is due on May 11, 2023, and Plaintiff's reply brief is due on

June 8, 2023. Min. Order, Jan. 19, 2023.

Plaintiff took nearly the full six weeks to file its Opposition and Cross-motion, filing it one day early. Pl. Juul Labs, Inc.'s Opp'n to FDA's Mot. for Summ. J. and Cross Mot. for Summ. J., ECF No. 19. The same day that it filed its brief, it filed the instant emergency motion, asking the Court to immediately review the Additional Disciplines TPL Review Memo *in camera* and order it produced based on its review and the parties' opening summary judgment briefs. Plaintiff also asks the Court to cut FDA's time for its Opposition and Reply brief from four weeks to one week, and to shorten the time for its Reply brief as well.

## **ARGUMENT**

Although a district court "may," at its discretion, "examine the contents of . . .  agency records *in camera*...." 5 U.S.C. § 552(a)(4)(B) (italicization added), FOIA cases are typically decided on motions for summary judgment, based on the agencies' supporting affidavits, which are entitled to a presumption of good faith. *Meeropol v. Meese*, 790 F.2d 942, 952 (D.C. Cir. 1986). Thus, "[i]f the agency's affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith," then it is well-established that "summary judgment is appropriate without *in camera* review of the documents." *ACLU v. U.S. Dep't of Def.,* 628 F.3d 612, 626 (D.C. Cir. 2011) (emphasis added) (citations omitted); *see Associated Press v. U.S. Dep't of Justice,* 549 F.3d 62, 67 (2d Cir. 2008) (*in camera* review appropriate only when agency offers "vague or sweeping claims" to support withholding of responsive records). Accordingly, courts generally conduct *in camera* review only in exceptional, rather than routine, cases, and after summary judgment briefing is completed. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 252-53 (D.C. Cir. 1993) (noting that *in camera* review is generally disfavored); *Elec. Privacy Info.*

*Ctr. v. DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) ("[C]ourts disfavor *in camera* inspection and it is more appropriate in only the exceptional case.").

Plaintiff claims three grounds for its extraordinary request that the Court review *in camera*, and order the release of, the Additional Disciplines TPL Review Memo *now*, half-way through summary judgment briefing. None of those grounds has merit, and the Court should deny Plaintiff's motion. Plaintiff is of course free to file its own reply brief as early as it wishes. Thus, under the current schedule, summary judgment briefing could be completed in about a month.

First, Plaintiff claims that it urgently needs the Additional Disciplines TPL Review Memo "to mitigate ongoing prejudice" against it in litigation in state court in Minnesota. Pl.'s Emergency Mot. at 10. However, earlier today, April 17, 2023, Plaintiff and the state of Minnesota reached a settlement in that separate litigation, mooting this claimed basis for Plaintiff's motion. *See* Brendan Pierson, *Juul, Altria Settle with Minnesota Over Teen Vaping Addiction,* Reuters (April 17, 2023)*, available at* https://www.reuters.com/business/healthcare-pharmaceuticals/juul-altria-settle-with-minnesota-over-teen-vaping-addiction-2023-04-17/; Exh. A hereto (joint motion filed by the parties to the Minnesota litigation, seeking a say of proceedings pending finalization of the settlement, and order granting this relief).[1]

Second, Plaintiff argues that "[t]he recent extraordinary revelations about how FDA handled JLI's applications underscores the need for an expedited decision, in camera review, and ultimately transparency." Pl.'s Emergency Mot. at 8. But Plaintiff has known about the two TPL memos since FDA provided Plaintiff with a Vaughn index and filed its pre-motion notice—events that occurred more than three months ago and predated Plaintiff's agreement to the existing briefing schedule. FDA's pre-motion notice discussed the Additional Disciplines TPL Review Memo at length, as well

---

[1] Defense counsel conferred with counsel for Plaintiff about this development, and Plaintiff declined to withdraw the instant motion.

as the fact that OCD advised OS that it would review any conclusions reached by OS on Plaintiff's PMTAs, that the agency was not adopting the conclusions in the memo, and that the agency did not rely on those conclusions for its decision. ECF No. 11.

Third, Plaintiff argues that "FDA's refusal to turn over the withheld documents undermines JLI's ongoing efforts to overturn FDA's denial decision in the supervisory review process." Pl. Juul Labs, Inc.'s Emergency Mot. for Expedited Briefing and In Camera Review ("Pl.'s Emergency Mot.") at 9, ECF No. 18.  But Plaintiff has known about that supervisory review process since the FDA notified Plaintiff about it on July 5, 2022, which of course preceded its agreement to the summary judgment briefing schedule. *See* Email from Brian A. King, Center Director, Center for Tobacco Products, FDA, to Angela Ho-Chen, Juul Labs Inc. (July 5, 2022), ECF No. 19-9. And the ongoing supervisory review process does not involve imminent deadlines for Plaintiff or FDA that would warrant release of the Additional Disciplines TPL Review Memo on Plaintiff's timeline, before the parties have finished briefing summary judgment. Nor should the Court allow Plaintiff to manufacture an emergency by speculating about the contents of the withheld Additional Disciplines TPL Review Memo and how that would affect the supervisory review process.

Perhaps because there is no good reason for *in camera* review of the Additional Disciplines TPL Review Memo now or to expedite the remaining summary judgment briefing, the bulk of Plaintiff's Emergency Motion argues the merits of whether the deliberative process privilege supports the FDA's withholding of that Memo and whether its release would cause foreseeable harm. The FDA vigorously disputes those arguments and intends to fully address them in its summary judgment opposition/reply brief. Plaintiff has had a chance to review FDA's summary judgment brief and make responsive arguments. FDA deserves an equivalent chance to respond to Plaintiff, including the arguments Plaintiff fleshes out for the first time in its summary judgment brief and its reliance on *Vanda Pharm., Inc. v. FDA*, 2023 WL 2645714 (D.D.C. Mar. 27, 2023), a

decision that post-dates FDA's opening brief. FDA thus respectfully requests that it be provided the

full amount of time that the parties negotiated and that the Court permitted to submit that brief.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's

Motion.

Dated April 17, 2023                                Respectfully submitted,
                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    MARCIA BERMAN
                                                    Assistant Branch Director

                                                    _____/s/ Antonia Konkoly_____
                                                    Antonia Konkoly
                                                    Trial Attorney
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    1100 L St. NW
                                                    Washington, DC 20005
                                                    (202) 514-2395 (direct)
                                                    (202) 616-8470
                                                    antonia.konkoly@usdoj.gov
                                                    *Counsel for the Defendant*

        Of Counsel:

        SAMUEL R. BAGENSTOS
        General Counsel
        Dep't of Health and Human Services

        MARK RAZA
        Chief Counsel
        Food and Drug Administration

        WENDY S. VICENTE
        Deputy Chief Counsel for Litigation
        Food and Drug Administration

JULIE B. LOVAS
Senior Counsel
Office of the Chief Counsel
Food and Drug Administration