**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUUL LABS, INC., | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES FOOD AND DRUG | )   Case No. 1:22-cv-02853 |
| ADMINISTRATION, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |
|  | ) |

**SECOND DECLARATION OF JENNIFER GERMAN**

I, Jennifer German, declare as follows:

1.      I am a Regulatory Policy Analyst, a staff member of the Freedom of Information

Act Office ("CTP FOIA"), within the Office of Health Communication and Education

("OHCE"), Center for Tobacco Products ("CTP"), U.S. Food and Drug Administration ("FDA")

in Silver Spring, Maryland.

2.      CTP is the center within FDA responsible for regulating tobacco products. I am a

Team Lead in CTP FOIA, which processes and responds to requests made under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, for records in CTP's possession.

3.      The statements made in this declaration are based upon my personal knowledge

and information made known to me in my official capacity and about which I have become

knowledgeable. In addition, I am personally familiar with the FOIA requests submitted by Juul

Labs Inc. ("Plaintiff") on June 23, 2022 numbered 2022-4621 and 2022-4625 (collectively,

Plaintiff's "FOIA Requests"), CTP FOIA's handling of FOIA requests generally, and CTP's

handling of Plaintiff's FOIA Requests specifically.

4.      This declaration supplements and incorporates by reference my March 1, 2023

Declaration ("First German Decl.") in support of the Defendant's Motion for Summary

Judgment. *See* Dkt. No. 16-3. This declaration is to be read in tandem with my first declaration.

5.      The Toxicology TPL Review Memo indicates to the left of Dr. Holman's

signature that it represents "Signatory Decision."  By contrast, the Additional Disciplines TPL

Review Memo indicates to the left of Dr. Holman's signature that it represents "Supervisory OS

Review."  CTP uses "Signatory Decision" to denote the concurrence of the individual with

delegated authority to make the relevant agency decision.  By contrast, "Supervisory OS

Review" does not relate to delegated authority to make a final agency decision; it simply means

that an individual at least one level above the document's author in the organization performed

the review.

6.      The Additional Disciplines TPL Review Memo contains no new or additional

analysis of toxicological risk, beyond that made in the Toxicology TPL Review Memo.  The

Additional Disciplines TPL Review Memo cross-references the Toxicology TPL Review

Memo's discussion of those issues as needed to provide context for the analysis of other

disciplines that the Additional Disciplines TPL Review Memo does contain.

7.      The Additional Disciplines TPL Review Memo recommends denying

authorization.

8.      When FDA has granted marketing authorization for tobacco products (that is,

when the agency has issued Marketing Granted Orders ("MGOs")), the agency has made the

MGO letters, and TPL Review Memos that are adopted as the basis of the agency decisions,

available on its website.  *See* FDA, Premarket Tobacco Product Marketing Granted Orders,

https://www.fda.gov/tobacco-products/premarket-tobacco-product-applications/premarket-

tobacco-product-marketing-granted-orders.  *See also* 21 C.F.R. § 1114.47(c).  The MGO letters

and TPL Review Memos posted on the agency website have been reviewed and redacted to

remove non-public information such as Confidential Commercial Information and Trade Secrets.

FDA does not post Discipline Review Memos underlying MGO decisions on its website, but has

released such memos that were considered, reviewed, or relied on in the aforementioned TPL

Review Memos in response to FOIA requests with redactions such as for Confidential

Commercial Information and Trade Secrets.  *See id.*

9.      When FDA denies marketing authorization for tobacco products (that is, when the

agency issues Marketing Denial Orders ("MDOs")), FDA does not routinely post MDO letters,

or TPL Review Memos adopted as the basis of the agency decisions, on its website.  *See* FDA,

Tobacco Products Marketing Orders, https://www.fda.gov/tobacco-products/market-and-

distribute-tobacco-product/tobacco-products-marketing-orders#Marketing%20Denial

("Marketing Denial Orders[:] FDA has publicly named only products that the FDA or the

manufacturer has confirmed to be currently marketed, due to potential confidential commercial

information (CCI) issues. Similarly, company names are included in the MDO list below only if

products from that company are currently marketed.").  *See also* 21 C.F.R. § 1114.47(d).

However, FDA routinely makes TPL Review Memos that are adopted as the basis of the agency

decisions directly available to the applicant in connection with litigation or pursuant to a request

from the applicant.  Similarly, FDA provides applicants with Discipline Review Memos that

were considered, reviewed, or relied on in the aforementioned TPL Review Memos.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.

Executed on May 11, 2023.

_____

JENNIFER J. GERMAN
Regulatory Policy Analyst
Office of Health Communication and Education
Center for Tobacco Products
Food and Drug Administration
U.S. Department of Health and Human Services