## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUUL LABS, INC., </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES FOOD AND DRUG ADMINISTRATION, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 1:22-cv-02853 |

## **SECOND DECLARATION OF MICHELE MITAL**

I, Michele Mital, declare as follows:

1. I am the Deputy Director of the Center for Tobacco Products ("CTP"), in the Office of the Center Director ("OCD"), CTP, U.S. Food and Drug Administration ("FDA") in Silver Spring, Maryland. From April 10, 2022 to July 2, 2022, I was the Acting Center Director of CTP.

2. CTP is the center within FDA responsible for regulating tobacco products. The Center Director is the head of CTP. OCD has supervisory authority over all of the offices in CTP, including the Office of Science ("OS"), which conducts all scientific premarket review, including review of premarket tobacco product applications ("PMTAs").

3. The statements made in this Declaration are based upon my personal knowledge and information made known to me in my official capacity and about which I have become knowledgeable. In addition, I am personally familiar with CTP's handling of PMTAs generally and CTP's handling of the PMTAs submitted by Juul Labs, Inc. ("Plaintiff") specifically.

4.  This declaration supplements and incorporates by reference my March 1, 2023 Declaration ("First Mital Decl.") in support of the Defendant's Motion for Summary Judgment. *See* Dkt. No. 16-2. This declaration is to be read in tandem with my first declaration.

5.  OCD did not "instruct" OS to issue a Marketing Denial Order ("MDO") based on the Toxicology TPL Review Memo; OCD agreed with OS's recommendation that the agency should issue an MDO based solely on the analysis and findings in the Toxicology TPL Review Memo. *See* Mital Decl. Ex. 4 (OCD Memo).

6.  Because OS recommended, and OCD agreed, that the toxicological deficiencies were dispositive of Plaintiff's applications, it was not necessary to review and resolve other aspects of the applications beyond toxicology. *See* Mital Decl. Ex. 4 (OCD Memo) ("Because OCD concurs that the toxicological issues are dispositive of the applications, it is not necessary for OCD to review and resolve (and thus CTP has not resolved) any other aspects of the applications."). Doing so would have entailed additional delay before the agency could issue a decision. *See* Mital Decl. Ex. 5 at 3 (MDO) ("In light of the unaddressed deficiencies regarding potential toxicological risks and in the interest of issuing a decision without the additional delay that further analysis would have required, FDA did not assess whether there might be additional deficiencies relating to initiation, switching, and cessation."). For those reasons, OCD did not "consider instructing [the Director of OS] to make that memo the basis for FDA's marketing order," contrary to Plaintiff's assertion that OCD did so. Plaintiff's Statement of Undisputed Material Facts at ¶ 52.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2023.

_____
MICHELE MITAL
Deputy Director
Center for Tobacco Products
Food and Drug Administration
U.S. Department of Health and Human Services