IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUUL LABS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-CV-2853 |
| FOOD & DRUG ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
STATEMENT OF UNDISPUTED MATERIAL FACT**

Pursuant to Local Civil Rule 7(h)(1), Plaintiff Juul Labs, Inc. respectfully submits the following response to Defendant Food and Drug Administration's supplemental statement of undisputed material fact.

37.    The Toxicology TPL Review Memo indicates, to the left of Dr. Holman's signature that it represents "Signatory Decision." 2d German Decl. ¶ 5.

Plaintiff's Response: Admitted to the extent that the Toxicology TPL Review Memo does include the phrase "Signatory Decision" next to Dr. Holman's signature.

38.    By contrast, the Additional Disciplines TPL Review Memo indicates to the left of Dr. Holman's signature that it represents "Supervisory OS Review." *Id.*

Plaintiff's Response: Denied.  JLI cannot know the substance of the Additional Disciplines TPL Review Memo without inspecting the document.

39.    CTP uses "Signatory Decision" to denote the concurrence of the individual with delegated authority to make the relevant agency decision. *Id.*

Plaintiff's Response: Denied to the extent the statement implies that the label "Signatory Decision" is necessary to give legal effect to the Office of Science Director's signature on a TPL Review Memo.

40.     By contrast, "Supervisory OS Review" does not relate to delegated authority to make a final agency decision; it simply means that an individual at least one level above the document's author in the organization performed the review. *Id.*

Plaintiff's Response:  Denied.

41.     The Additional Disciplines TPL Review Memo contains no new or additional analysis of toxicological risk, beyond that made in the Toxicology TPL Review Memo—but rather only cross-references the Toxicology TPL Review Memo's discussion of those issues as needed to provide context for the analysis of other disciplines that the Additional Disciplines TPL Review Memo does contain. *Id.* ¶ 6.

Plaintiff's Response: Denied.  JLI cannot know the substance of the Additional Disciplines TPL Review Memo without inspecting the document.

42.     When FDA has issued MGOs, the agency has made the MGO letters, and TPL Review Memos that are adopted as the basis of the agency decisions, available on its website. *Id.* ¶ 8; *see* FDA, Premarket Tobacco Product Marketing Granted Orders, https://www.fda.gov/tobacco-products/premarket-tobacco-product-applications/premarket-tobacco-product-marketing-granted-orders. *See also* 21 C.F.R. § 1114.47(c).

Plaintiff's Response: Admitted.

43.     FDA does not post Discipline Review Memos underlying MGO decisions on its website, but has released such memos that were considered, reviewed, or relied on in the

aforementioned TPL Review Memos in response to FOIA requests with redactions such as for

Confidential Commercial Information and Trade Secrets. *See id.*; 2d German Decl. ¶ 8.

Plaintiff's Response: Admitted.

44.    When FDA issues MDOs, FDA does not routinely post MDO letters, or TPL

Review Memos adopted as the basis of the agency decisions, on its website. 2d German Decl. ¶ 9;

*see* FDA, Tobacco Products Marketing Orders, https://www.fda.gov/tobacco-products/market-

and-distribute-tobacco-product/tobacco-products-marketing-orders#Marketing%20Denial

("Marketing Denial Orders[:] FDA has publicly named only products that the FDA or the

manufacturer has confirmed to be currently marketed, due to potential confidential commercial

information (CCI) issues. Similarly, company names are included in the MDO list below only if

products from that company are currently marketed."). *See also* 21 C.F.R. § 1114.47(d).

Plaintiff's Response: Admitted.

45.    However, FDA routinely makes TPL Review Memos that are adopted as the basis

of the agency decisions directly available to the applicant in connection with litigation or pursuant

to a request from the applicant. 2d German Decl. ¶ 9.

Plaintiff's Response: Admitted.

46.    Similarly, FDA provides applicants with Discipline Review Memos that were

considered, reviewed, or relied on in the aforementioned TPL Review Memos. *Id.*

Plaintiff's Response: Admitted.

Dated:  May 26, 2023

Respectfully submitted,

*s/ Jason M. Wilcox*

Peter A. Farrell (DC Bar No. 53608)
Jason M. Wilcox (DC Bar No. 1011415)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, D.C. 20004
(202) 389-5000

Steven J. Lindsay (DC Bar No. 1708507)
KIRKLAND & ELLIS LLP
300 N LaSalle
Chicago, IL 60654
(312) 862-2000

Donald B. Verrilli, Jr. (DC Bar No. 420434)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave, NW
Washington, D.C. 20001
(213) 683-9507

*Attorneys for Plaintiff Juul Labs, Inc.*