IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. FOOD & DRUG ADMINISTRATION, <br><br> Defendant. | Civil Action No. 1:22-CV-02853-RDM |

**PLAINTIFF JUUL LABS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff JUUL Labs Inc. ("JLI") respectfully submits *Fontem US, LLC v. U.S. Food and Drug Administration*, --- F.4th ---, 2023 WL 5536194 (D.C. Cir. Aug. 29, 2023) as supplemental authority in support of its cross-motion for summary judgment. To justify withholding the requested documents, FDA claims it decided to deny JLI's applications before finishing its scientific review. ECF 25 at 9-10.

*Fontem* underscores that denying an application before the agency scientists finish their work is the opposite of the comprehensive, holistic review the Tobacco Control Act requires. Instead of "making an overall assessment that Fontem had not shown its products were beneficial to the public," FDA focused on "five highly technical deficiencies" in its applications. *Fontem*, 2023 WL 5536194, at *7. None of these deficiencies justified denying the applications, where FDA did not "explain why these issues are so serious as to make impossible an informed judgment as to overall public health consequences." *Id.* at *9. The D.C. Circuit thus vacated FDA's decision to deny marketing authorization to unflavored electronic-nicotine delivery system ("ENDS") products much like JLI's. *Id.* at *9. The D.C. Circuit upheld FDA's denial as to *flavored* products, *id.*, but here, JLI did not apply to market those types of products.

*Fontem* makes clear that the materials JLI has requested are a necessary part of the holistic analysis of its products. And yet FDA is withholding those materials based on the deliberative process privilege. The withheld TPL review memo and scientific disciplinary reviews are not protected by the deliberative process privilege, and the disclosure of those materials poses no risk of harm to the agency's deliberative process. ECF 19-1 at 11-27; ECF 27 at 3-16. Withholding those materials is harming JLI's ability to challenge FDA's marketing denial order as part of its administrative appeal of FDA's decision, however. That administrative appeal has been pending for over a year and could be resolved any day, so JLI respectfully requests a ruling on the pending summary judgment motions as expeditiously as possible. JLI deserves the opportunity to convince the agency it can perform the statutorily required balancing *Fontem* requires using the full set of scientific reviews FDA already conducted, none of which are privileged.

The Court should grant JLI's cross-motion for summary judgment and order the requested materials disclosed to JLI.

Dated: October 16, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:  */s/ Jason M. Wilcox*
　　　　　　　　　　　　　　　　　　　　　　Peter A. Farrell (DC Bar No. 53608)
　　　　　　　　　　　　　　　　　　　　　　Jason M. Wilcox (DC Bar No. 1011415)
　　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Ave, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　　　(202) 389-5000

　　　　　　　　　　　　　　　　　　　　　　Steven J. Lindsay (DC Bar No. 1708507)
　　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　　300 N LaSalle
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　　　(312) 862-2000

　　　　　　　　　　　　　　　　　　　　　　Donald B. Verrilli, Jr. (DC Bar No. 420434)
　　　　　　　　　　　　　　　　　　　　　　MUNGER, TOLLES & OLSON LLP
　　　　　　　　　　　　　　　　　　　　　　601 Massachusetts Ave, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　　　　(213) 683-9507

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Juul Labs, Inc.*