# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUUL LABS, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, | ) Case No. 1:22-cv-02853 |
| Defendant. | ) |

## <u>THIRD DECLARATION OF MICHELE MITAL</u>

I, Michele Mital, declare as follows:

1.      I am the Deputy Director of the Center for Tobacco Products ("CTP"), in the Office of the Center Director ("OCD"), CTP, U.S. Food and Drug Administration ("FDA") in Silver Spring, Maryland.  From April 10, 2022 to July 2, 2022, I was the Acting Center Director of CTP.

2.      CTP is the center within FDA responsible for regulating tobacco products.  The Center Director is the head of CTP.  OCD has supervisory authority over all of the offices in CTP, including the Office of Science ("OS"), which conducts all scientific premarket review, including review of premarket tobacco product applications ("PMTAs").

3.      The statements made in this Declaration are based upon my personal knowledge and information made known to me in my official capacity and about which I have become knowledgeable.  In addition, I am personally familiar with CTP's handling of PMTAs generally and CTP's handling of the PMTAs submitted by Juul Labs, Inc. ("Plaintiff") specifically.

4.      This declaration supplements and incorporates by reference my March 1, 2023

Declaration ("First Mital Decl.") and May 11, 2023 Declaration ("Second Mital Decl.") in

support of the Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-

Motion for Summary Judgment.  *See* Dkt. Nos. 16-2 & 25-2.  This declaration is to be read in

tandem with those two declarations.

5.      The purpose of this declaration is to further explain the anticipated harm that is

reasonably likely to result from disclosure of the withheld information in this matter.  *See* 5

U.S.C. § 552(a)(8)(A)(i).

6.      First, it is reasonably foreseeable that disclosure of the withheld information

would engender public confusion.  In its role as a public health agency, FDA endeavors to ensure

that the American public understands the Agency's views on public health issues.  This is

particularly important with respect to FDA's regulation of tobacco products.  In enacting the

Family Smoking Prevention and Tobacco Control Act, Pub. L. No. 111-31, 123 Stat. 1776 (June

22, 2009), Congress found that consumers are "likely to be confused and misled" by certain

statements and implications made by manufacturers about FDA regulation of their products.

Sec. 2(46); *see also id.* at Sec. 2(17) (finding that tobacco product advertising often misleads

youth by, e.g., portraying tobacco use as "healthful"); 21 U.S.C. § 331(tt) (prohibiting express or

implied statements or representations directed to consumers that would mislead consumers into

believing certain conclusions about FDA's position on a tobacco product).  Public

misunderstanding over FDA's perspective on tobacco products, including the Agency's

regulatory conclusions regarding a specific tobacco product, may make nonusers of tobacco

products, including youth, more likely to use a tobacco product—and also make existing users of

tobacco products more likely to continue their consumption—and incur health risks as a result.

7.      Disclosure of the records at issue, which reflect unfinished Agency deliberations, would cause public confusion regarding the basis of FDA's marketing denial order ("MDO") for Plaintiff's products.  More specifically, their release would likely give the public the wrong impression that FDA has reached a final decision on the issues contained in them.  Such public confusion could result in serious public health harms.  For example, statements in these records may be presented and viewed out of context to misrepresent FDA's perspective on the risks and benefits of the subject products, which, in turn, could impact the likelihood of nonusers of tobacco products initiating use, and of existing users of tobacco products continuing their use. The deliberative process privilege exists to, among other things, protect against the public confusion that would flow from the dissemination of documents that would suggest reasons for an agency's action different from those that were the ultimate reason for the action.  *See* Def.'s Mem. in Support of Mot. for Summ. J., ECF No. 16-1, at 14.  Thus, the Agency's interest in avoiding the specific, and foreseeable, public health-related confusion that would result from the disclosure of the withheld materials is an interest protected by this privilege.

8.      Second, and independently, it is likewise reasonably foreseeable that disclosure of the records at issue in this matter would chill, specifically, presently ongoing internal deliberations.  FDA is presently engaged in a supervisory review process involving Plaintiff's MDO, and such review may involve further consideration of issues preliminarily considered in these records.  The release of these records, while this supervisory review process remains ongoing, would foreseeably chill deliberations pertaining to the Agency's reconsideration of Plaintiff's PMTAs.  In addition to protecting against unwarranted public confusion, the deliberative process privilege exists to maximize the robustness of the candor that agency officials should properly offer in the course of the give-and-take of consultative processes.  The

premature disclosure of the withheld records, and the preliminary analyses set forth therein, would foreseeably chill that candor by exposing to public scrutiny the Agency's preliminary and unfinished deliberations, while the Agency's decision-making process is still ongoing. Such scrutiny could, for example, place undue pressure on relevant Agency staff to hew to these preliminary assessments—or, conversely, to change them.  In either scenario, such scrutiny would foreseeably distort the decision-making process, to its detriment.  Because the premature release of the withheld records would foreseeably chill the exercise of maximal candor in the course of the ongoing further administrative review process, their release before the conclusion of this process would also, and independently, harm an interest protected by this privilege.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2024.


Michele Mital -S

Digitally signed by Michele Mital -S
Date: 2024.01.05 10:31:59 -05'00'

MICHELE MITAL
Deputy Director
Center for Tobacco Products
Food and Drug Administration
U.S. Department of Health and Human Services